# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDERSON ENRIQUE DONMARTIN, | : : : | |
| Petitioner | : : | No. 1:17-CV-01766 |
| vs. | : : | (Judge Rambo) |
| CRAIG LOWE, | : : | |
| Respondent | : : | |

## **MEMORANDUM**

Currently before the Court is Petitioner Anderson Enrique DonMartin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention at the Pike County Correctional Facility, Lords Valley, Pennsylvania, in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Petitioner requests that this Court issue an order immediately releasing him from ICE detention and also enter a preliminary and permanent injunction, enjoining Respondent from further detention of Petitioner. For the reasons that follow, the Court will deny the petition.

I.  **Background**

Petitioner, a citizen and native of Venezuela, has been in the custody of ICE since March 21, 2017. (Doc. No. 1; Doc. No. 6 at 4.) Petitioner initially entered the United States on October 30, 1966 as a Legal Permanent Resident. (Doc. No.

1

6, Ex. 1, Notice of Revocation of Release; Ex. 2, Record of Deportable / Inadmissible Alien.) Petitioner was convicted of Burglary in the 2nd Degree on March 4, 1982 and of Burglary in the 3rd Degree on December 19, 1983. (Id. at Ex. 1; Ex. 2 at 3-4.)

While incarcerated for Burglary, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Petitioner as deportable. (Id. at Ex. 3.) On June 16, 1986, an immigration judge ordered Petitioner deported from the United States to Venezuela. (Id. at Ex. 4, Immigration Judge's Order.) On February 23, 1987, the INS released Petitioner on an Order of Supervision, due to complications with the Venezuelan consulate regarding the issuance of travel documents. (Id. at Ex. 5; Ex. 2 at 3.) On March 27, 1989, Petitioner was again convicted of Burglary in the 2nd Degree as well as Criminal Possession of Stolen Property in the 5th Degree. (Id. at Ex. 1; Ex. 2 at 4.) On June 13, 1994, Petitioner was convicted of Burglary, Terroristic Threats, and Simple Assault. (Id.) Then, on August 22, 1994, Petitioner was convicted of Rape, Robbery, and Burglary. (Id.)

On July 1, 2016, during a routine criminal database check, ICE's Enforcement and Removal Operations ("ERO"), determined that Petitioner should be returned to ICE custody and detained in order for ICE to enforce the June 16, 1986 final removal order. (Id. at Ex. 2 at 2, 5.) ERO revoked Petitioner's 1987 Order of Supervision on March 20, 2017 and subsequently apprehended him on

March 21, 2017, and placed him in immigration detention to await his removal. (Id.)  On July 3, 2017, ICE conducted a post order custody review and determined that Petitioner should remain in custody until his removal.  (Id. at Ex. 6, Declaration of Michael Loesch, ERO Deportation Officer.)

ERO submitted a travel document request to the Venezuelan consulate on March 28, 2017, and was notified by Headquarters ERO that the Venezuelan government has agreed to issue a travel document of Petitioner.  (Id.)

Petitioner's habeas petition seeks release from confinement, arguing that his detention has exceeded the six month presumptively reasonable time set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001).  Respondent argues that because the Venezuelan government has agreed to issue a travel document for Petitioner and that it should arrive soon at ERO, Petitioner's removal should occur in the very near future. (Doc. No. 6 at 5.)

## II. Discussion

8 U.S.C. § 1231, INA § 241, governs detention after removal has become certain.  See Leslie v. Attorney Gen., 678 F.3d 265, 270 (3d Cir. 2012) ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal").  Detention under § 1231 provides the Attorney General with ninety days to remove an alien from the United States after an order of removal becomes final.  During this "removal period," detention of the alien is mandatory.  See 8

U.S.C. § 1231(a)(2). If the alien has not been removed and remains in the United States after the ninety day period, the alien's detention may continue, or he may be released under the supervision of the Attorney General. See 8 U.S.C. §§ 1231(a)(3) and (6). Section 1231(a) allows ICE to detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but indefinite detention is not authorized. See Zadvydas v. Davis, 533 U.S. 678 (2001) (six months is the presumptively reasonable period of post-removal detention under § 1231(a), however, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future).

Petitioner argues that his detention of just under eight (8) months violates his due process. As set forth above, § 1231(a) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." Zadvydas, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.

Petitioner has been detained in ICE custody since March 21, 2017. While this detention has exceeded the six month period that is deemed presumptively reasonable under Zadvydas, to obtain habeas relief, Petitioner must show that there is no reasonable likelihood of actual removal in the reasonably foreseeable future.

Id. at 701.  The burden rests upon Petitioner to make this showing.  Id.; see Barenboy v. Attorney Gen. of U.S. 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to 'provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future….' Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.'") (quoting Zadvydas, 533 U.S. at 701).

Here, Petitioner has not met his burden of proof to show that ICE will not be able to remove him in the reasonably foreseeable future.  In his petition and traverse, Petitioner argues that despite his cooperative efforts to facilitate his removal, he has not yet been removed.  (Doc. No. 1 and 7.)  However, Petitioner does not provide any contrary evidence to Respondent's assertion that the Venezuelan government has agreed to issue a travel document for him and that it should arrive to ERO soon.  The basis of Petitioner's argument appears to be that his removal is unlikely because it has not yet occurred.  (Id.)  This argument, however, falls short of presenting any "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 702.  Accordingly, Petitioner has not demonstrated that he is entitled to relief under Zadvydas.  See, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant

5

to § 1231(a)(6) because petition did not provide "good reason" to believe there is no likelihood of removal); Abdelrahman v. BICE's Interim Field Office Director, No. 05-CV-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005) (noting that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point."). Accordingly, the petition will be dismissed without prejudice to the filing of a new § 2241 petition in the event that Petitioner can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## III. Conclusion

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: December 4, 2017